NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN M. DUTTON, | No. 17-16202 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00069-JJT |
| v. | |
| MUELLER & DRURY PC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

John M. Dutton appeals pro se from the district court's judgment dismissing

his action alleging violations of the Fair Debt Collection Practices Act ("FDCPA").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Dutton's action because Dutton failed to allege facts sufficient to show a qualifying "debt" and that Dutton is a "consumer" under the FDCPA. *See* 15 U.S.C. § 1692a(3), (5) (defining "consumer" and "debt" under the FDCPA).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *see also Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510-11 (9th Cir. 2002) (holding that an FDCPA claim based on an alleged violation of the Bankruptcy Code is precluded because the sole remedy "lies in the Bankruptcy Code").

We reject as unsupported by the record Dutton's contention that the district judge was biased.

**AFFIRMED.**

17-16202